UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

JAMISON SHAW ENTERPRISE, INC.

Defendant.

CIVIL ACTION NUMBER

**JURY TRIAL DEMANDED**

**COMPLAINT**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability. The purpose of this action is to provide appropriate relief to Chiquita Cheek ("Cheek"). The Plaintiff alleges that Jamison Shaw Enterprise, Inc. engaged in intentional discrimination against Cheek by refusing to provide her with a reasonable accommodation and

then terminating her employment because of her disabilities and/or because she requested a reasonable accommodation, in violation of the ADA, as amended.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991,42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and 503(c) of the ADA,

42 U.S.C. § 12117(a) and §12203(c), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. §§2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Georgia corporation doing business in the state of Georgia and the county of Fulton, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

**STATEMENT OF CLAIMS**

6. More than thirty (30) days prior to the institution of this lawsuit, Cheek filed a charge with the Commission alleging violations of the ADA by Defendant.

7. On February 7, 2014, the EEOC issued to Defendant a Letter of Determination inviting it to join the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. On February 26, 2014, the EEOC issued to Defendant a Notice of Failure of Conciliation advising it that despite its efforts the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Cheek suffers from scoliosis, a herniated disc with associative nerve pain, fibromyalgia, post traumatic stress disorder, and migraine headaches. Her disabilities affect several major life activities including the bodily functions relative to her neurological, skeletal and brain systems. Based on the above conditions, Cheek is also substantially limited in the major life activities of walking and standing for long periods of time. She is also intermittently substantially limited in performing manual tasks such as eating, sitting, lifting, sleeping, squatting and regular household chores.

11. Cheek was employed as an assistant to the Defendant's owner. Cheek was required to stand during the majority of her working day, which could be longer than 10 hours on some days. Her major duties involved greeting customers, shampooing hair, applying hair color and chemicals, and blow-drying clients' hair. Her duties required her to often work on more than one client at a time.

12. Cheek is a qualified individual with a disability who could perform the essential functions of her job as a stylist assistant with or without a reasonable accommodation.

13. On March 15, 2014, Cheek requested a reasonable accommodation due to her disability(ies). Specifically, in order to alleviate back pain while standing for extended periods of time, Cheek requested that Defendant provide her with an ergonomic mat on which to stand while performing her duties as a stylist assistant.

14. The Defendant refused to grant the accommodation requested.

15. Cheek then requested an alternative reasonable accommodation. She asked that Defendant allow her to personally purchase the mat and bring it to work for her use while performing her duties.

16. Defendant also refused to grant the second accommodation request, and terminated Cheek immediately after making the request.

17. Defendant denied Cheek reasonable accommodations which would have allowed her to perform her duties with substantially less pain and discomfort than she would have experienced in the absence of the accommodations.

18. Defendant terminated Cheek because of her disability(ies) and/or because she requested a reasonable accommodation.

19. The effects of the practice(s) complained of in paragraphs 13 through 18 have been to deprive Cheek of equal employment opportunities and, otherwise, adversely affect her status as an employee because of her disability(ies).

20. The unlawful employment practices complained of in Paragraphs 13 through 18 were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Cheek.

21. The effects of the practices complained of in paragraphs 13 through 18 have been to inflict emotional pain, suffering, and inconvenience upon Cheek and deprive her of the financial and other benefits of employment.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from denying employees benefits on the basis of disability, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Chiquita Cheek, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay, lost benefits and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

D. Order Defendant to make whole Chiquita Cheek by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including lost wages, benefits and job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Chiquita Cheek by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, damage to professional reputation and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Chiquita Cheek punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its cost in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVIS LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

June 20, 2014
Date

s/ Robert K. Dawkins
Robert K. Dawkins
Regional Attorney
Georgia bar No. 076206
Robert.dawkins@eeoc.gov

Sandra Witherspoon
Trial Attorney
Georgia Bar No. 772226
Sandra.witherspoon@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia bar No. 141979
ottrell.edwards@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818 (direct)
(404) 562-6905 (facsimile)